IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/ Petitioner, | ) ) | |
| v. | ) ) | Case No.  1:09-CV-3530-CAP |
| STEPHEN SINTON and ANGELA SINTON, | ) ) ) | |
| Defendants/ Respondents. | ) | |

## CONSOLIDATED PRE-TRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

**None.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Providing there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any person for the preservation of evidence and for use at trial.

**All discovery has been completed.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any party.

**The names of the parties are correct and there is no question of misjoinder or non-joinder of a party.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections:

**There is no question as to jurisdiction.  Jurisdiction is based on 28 U.S.C. 1332(a).**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff/Petitioner:     **Marvin D. Dikeman, Esq.**
                          **Webb, Zschunke, Neary & Dikeman, L.L.P.**
                          **One Securities Center**
                          **Suite 1210**
                          **3490 Piedmont Road**
                          **Atlanta, Georgia 30305**
                          **Ph.:   (404) 264-1080**
                          **Fax:   (404) 264-4520**
                          **E-mail: mdikeman@wznd.net**

Defendants:               **James E. Voyles, Esq.**
                          **The Voyles Milhollin Law Firm**
                          **3745 Cherokee Street**
                          **Suite 701 & 702**
                          **Kennesaw, Georgia 30144**
                          **Ph: 770.421.8883**
                          **Fax: 770.421.8884**
                          **E-mail:  voyleslaw@mindspring.com**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury.

(Refer to LR39.3(B)(2)(b). State below the reasons, if any, why the plaintiff should

not be permitted to open arguments to the jury.

**Plaintiff is entitled to open and close arguments to the jury.**

7.

The captioned case shall be tried to a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request bifurcation and show that all issues can be properly presented and decided in a single, non-bifurcated proceeding.**

9.

Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be

permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions:

**None.**

State any objections to Defendants' voir dire questions:

**None.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870, Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There is no pending related litigation.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provided the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do

so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

**A.**     **Whether Defendants, or either of them, misrepresented material facts to Allstate Insurance Company in the submission of their claim;**

**B.**     **Whether Defendants, or either of them, are judicially estopped or otherwise legally barred from any recovery under the Allstate Insurance Company policy of insurance;**

**C.**     **Whether Defendants breached the terms of the Allstate Insurance Company policy of insurance;**

**D.**     **Whether Plaintiff has satisfied the contractual conditions precedent to recovery under the terms of the Allstate Insurance Company policy of insurance.**

**By Defendant:**

**A.**     **Whether Allstate Insurance Company ("Allstate") can legitimately assert the Sintons have misstated the value of the items in their home at the time of the fire when it did not prepare its own inventory of destroyed items?**

**B.** Whether Allstate has a duty to provide insurance coverage to the Sintons' for the fire damage that occurred to their home on March 4, 2009.

**C.** Whether the Sintons materially misrepresented their claim, and whether Allstate has the right to deny coverage based on the alleged misrepresentations.

**D.** Whether the Sintons made a material misrepresentation of the value of their personal property that was in their home at the time of the fire in the claim filed with Allstate Insurance Company to recover their loss?

**E.** Whether, if there was a material misrepresentation, was the misrepresentation intentional and wilfull?

**F.** Whether the computation of the value of the personal property for the purpose of Angela Hall's bankruptcy petition is different from the computation of the value of the property in making a claim of loss under the Sintons' insurance policy with Allstate.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an

opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendants, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits.

Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibits list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed

document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

By Plaintiff: **None.**

By Defendants: **None.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests to charge must be submitted one week prior to trial. Requests which are

not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the requests should be noted (and explained) herein.

By Plaintiff:

**Plaintiff/Petitioner Allstate Insurance Company does not request additional time for argument.**

By Defendant:

**Defendants do not request additional time for argument.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (___X___) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(_____)        A good possibility of settlement

(_ _ _)        Some possibility of settlement

(_____)        Little possibility of settlement

(__X__)        No possibility of settlement

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal

practice of the court.

28.

The plaintiff estimates that it will require 2 day(s) to present its evidence. The defendants estimate that they will require 2 day(s) to present their evidence. It is estimated that the total time for trial is 4 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party of the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2011.


_____
Judge, United States District Court
Northern District of Georgia, Atlanta
Division

**ATTACHMENT A**

**LEGAL QUALIFICATIONS TO SERVE AS JURORS**

1.      Are any of you not a citizen of the United States of America?

2.      Are any of you not yet 18 years old?

3.      Have any of you not resided at your present address for a period of one year?  If the answer to this question is yes, follow-up questions should be asked to determine if the potential juror has resided in this judicial district for a period of at least one year.

4.      Are any of you unable to read, write and understand the English language?

5.      Are any of you unable to speak the English language?

6.      Are any of you suffering from any physical infirmity that would prevent you from rendering satisfactory jury service?

7.      Are any of you suffering from any mental infirmity that would prevent you from rendering satisfactory jury service?

8.      Have any of you been convicted in any state or federal court of any felony or other crime punishable by imprisonment of more than one year?  If the answer to this question is yes, follow-up questions should be asked to determine if the potential juror has had his or her civil rights restored.

9.      Do any of you have any charges pending against you for the commission of a crime that is classified as a felony or otherwise is punishable by imprisonment of more than one year?

10. Are any of you, or any member of your family, an employee, officer, director or stockholder of Allstate Insurance Company?

11. Are any of you related by blood or marriage to Defendants Stephen and Angela Sinton?

**ATTACHMENT B-1**

**PLAINTIFF/PETITIONER'S VOIR DIRE, GENERAL QUESTIONS**

1.      Does anyone have any knowledge about the incident that is the subject of this lawsuit?  This case involves a fire that occurred on March 4, 2009 at a house owned by Stephen and Angela Sinton?

2.      Does anyone know Stephen Sinton or Angela Sinton?

3.      Do any of you know or have you ever been represented by James Voyles or Michael Weinstein?

4.      Have you or any member of your family ever had a fire loss of any kind (whether it be at your house, apartment, business, automobile, etc.)?   If so, please indicate whether an insurance claim was submitted and whether the insurance company handled it satisfactorily in your opinion.

5.      Have you or any member of your family filed a lawsuit for damages as a result of damage to your house or dwelling?

6.      Have you or any member of your immediate family been involved in a dispute with an insurance company that was not handled to your satisfaction?

7.      Do any of you believe that an insurance company should be treated

differently than an individual under the law?

8.     Have you or any member of your immediate family ever sued or been sued by anyone?  If so, what was the nature of the lawsuit?

9.     Have any of you ever studied law or insurance?

10.    Have any of you have served on a civil jury before?

11.    Have any of you ever been the foreperson of a jury of any kind?

12.    Have any of you here ever made a claim for either personal injuries or property damage that didn't involve a lawsuit, such as a claim that was brought but didn't end up going to trial?

13.    Have any of you had a negative personal experience with the civil legal system, be it as a person involved in a lawsuit, as a juror, or otherwise?

14.    Is anybody here an attorney or have any attorneys as relatives or close friends?

15.    Have any of you ever done insurance claim work or adjustment?

16.    Do any of you have a close relative or spouse involved in claims adjusting?

17.    Have any of you ever been in the insurance business or had a close relative or spouse in the insurance business?

18. Is anybody related to any other juror on this panel?

19. Did any of you know each other prior to coming in here today?

20. Would it be a major imposition on you to serve on this jury?

21. Does anyone here, after having a chance to sit here for awhile and observe the parties and lawyers, feel naturally inclined, even if ever so slightly to find for one party over the other?

22. Do any of you believe that an insurance company should have to pay its policy holders an amount up to the full amount of coverage provided under a policy – regardless of any reason, defense, or policy provision which justifies an insurer to deny the claim or pay less than the maximum amount of coverage?

<u>**EXHIBIT B-2**</u>
<u>**Defendants' General questions to be propounded to Jurors on voir dire**</u>

1. Full name and age.

2. City of residence (and if Atlanta what area)

3. Marital status.

4. Number and age of any children.

5. Extent of formal education.

6. Any legal training or experience.

7. Present occupation and any other employment going back 10 years, including name of employer(s), nature of work and title of position(s), and length of time with each employer.

8. Present occupation (and prior jobs going back 10 years) for spouse and other adults in the household, as well as for any adult children not living in the household.

9. Major outside interests and hobbies

10. Military service, if any (including branch, years of service, highest rank achieved, duties, nature of discharge).

11. Prior jury service (federal and state civil and criminal cases, as well as grand jury).

12. Prior involvement as a party in any civil lawsuit (personally as well as in

connection with any employment).

13. Prior involvement of relatives or close friends in any civil lawsuits.

14. Prior experience as a witness (in court hearing or deposition).

<u>**ATTACHMENT C**</u>

<u>**PLAINTIFF/PETITIONER'S OUTLINE OF THE CASE**</u>

This action arises from a fire that occurred on March 4, 2009 at a house owned by Stephen and Angela Sinton. Following the fire, the Sintons made claim for payment under a policy of insurance issued to them by Allstate Insurance Company. Once notified of the claim, Allstate undertook to investigate into the fire and claim. As part of that investigation, Allstate, consistent with the terms of the policy of insurance, formally invoked its right to examine the Sintons under oath. As the result of the information learned during the Examinations Under Oath and other information learned during the course of its investigation, Allstate Insurance Company questioned whether the sworn property loss claim submitted by the Sintons contained material misrepresentations. As a result, Allstate Insurance Company initiated the present action to seek a judicial determination of whether the Sintons misrepresented materials facts and, if so, whether those misrepresented materials facts bar recovery under the subject policy of insurance.

**Exhibit D**
**Defendants' Summary of the Case**


On March 4, 2009, a house owned jointly by Stephen and Angela Sinton at 1932 Fields Pond Glen, Marietta, GA (the "Sinton Home"), was almost completely destroyed by an accidental fire. The Sinton Home was covered by a homeowner's insurance policy issued by the Allstate Insurance Company, Policy Number 615 165076 10/30 ("Allstate Policy"). The Allstate Policy was a renewal of a previous policy and was in effect from October 30, 2008 through October 30, 2009. The Allstate Policy provides insurance coverage in the amount of $529,000 for the Sinton Home and $396,750 for the personal property contained therein, and provides insurance coverage for fire damage.

The Cobb County Fire Department responded to the fire, and in its Basic Fire Report, determined the cause of the fire was accidental. Accordingly, the Sintons notified Allstate Insurance Company ("Allstate") immediately after the fire of their loss. Pursuant to the terms of the Policy, Allstate is under an obligation to provide insurance coverage for the claim.

On April 17, 2009, AB&G Construction Company, a company hired by

Plaintiff, estimated the damage caused to the Sinton Home to be $335,371.28. Knowing this estimate was extremely low and not a fair representation of the damage done to their home, the Sintons invoked their right to go to appraisal under the Allstate Policy. At the end of the appraisal process, an impartial umpire ruled that the damage done to the Sinton Home was $468,321.29, an amount approximately 40% more than Plaintiff's estimate. Upon learning of this fact, Plaintiff immediately filed the instant action.

Further, to exacerbate the harm to the Sintons, Plaintiff allowed the Sinton Home to be completely bulldozed by Cobb County. Both Plaintiff and the Sintons agreed that the Sinton Home was not totally destroyed by the fire. Furthermore, the Sintons requested Allstate to advance funds on the claim, or Cobb County was going to demolish the home. Furthermore, as the Sintons' mortgage company was an additional insured under the Allstate Policy, Allstate would have an obligation, at the very least, to pay the mortgage company the outstanding loan amount at the time of the fire. And in fact, shortly after Allstate initiated this action, Allstate paid the mortgage company the outstanding loan amount, in exchange for an assignment of the mortgage. However, despite these facts and

obligations, Plaintiff's actions allowed the Sinton Home to be completely

demolished.

**<u>ATTACHMENT E</u>**

**<u>Stipulated Facts</u>**

1. Allstate Insurance Company issued a policy of insurance to the Defendants for the property located at 1932 Fields Pond Glen, Marietta, Georgia.

2. On March 4, 2009, a fire occurred at the property located at 1932 Fields Pond Glen, Marietta, Georgia.

3. The Allstate policy was in effect on the date of the fire.

4. The Defendants filed a claim for damages with Allstate Insurance Company.

5. In December of 2006, Angela Hall (Sinton) filed a petition for personal bankruptcy.

**ATTACHMENT F-1**

**PLAINTIFF/PETITIONER'S WITNESS LIST**

Plaintiff/Petitioner will have present at trial:

None.

Plaintiff/Petitioner may have present at trial:

Shawn Malone
Allstate Insurance Company

It is anticipated that Mr. Malone will testify regarding the policy of insurance issued to the Sintons, Allstate Insurance Company's examination of the Sintons under oath, and his investigation of the Sintons' claim, including information learned regarding a prior bankruptcy filed by Angela Sinton.

Rick McKelvey
Allstate Insurance Company

It is anticipated that Mr. McKelvey will testify regarding the policy of insurance issued to the Sintons, Allstate Insurance Company's examination of the Sintons under oath, and his investigation of the Sintons' claim, including information learned regarding a prior bankruptcy filed by Angela Sinton.

Kenneth Wright, CFI
156 Cotton Indian Creek Road
McDonough, GA  30252

It is anticipated that Mr. Wright will testify regarding his inspection/examination of the house and contents following the fire.

Marcus Weiss
Federal Tile Imports, Inc.
2469 Canotn Road
Marietta, Georgia 30066

It is anticipated that Mr. Weiss will testify regarding the proposed replacement of tile at the Defendants' house.

Allstate Insurance Company reserves the right to call any witness listed by the Defendants.

**EXHIBIT F2**
**Defendants' List of Witnesses**

The following witnesses **will be** present at trial:

Angela Sinton – 1923 Fields Pond Glen, Marietta, GA 30068

Stephen Sinton – 1923 Fields Pond Glen, Marietta, GA 30068


The following witnesses **may be** present at trial:

James Dotson

Brandon Lewis – 4640 Valais Court – Suite 203, Alpharetta, GA 30022

Sara Szambelan – 4640 Valais Court – Suite 203, Alpharetta, GA 30022

Jeff Morrill – P.O. Box 4058, Cartersville, GA 30120
        If Mr. Morrill is called upon to testify, it is anticipated that he will state that there exists no forensic evidence that the fire was anything other than accidental.

Kenneth Wright – 331 Hampton Road, Fayetteville, GA 30215

Cobb County Fire Dept. – 1595 County Services Pkwy Marietta, GA 30008

Robert Beard, Esq. – Cobb County Attorney's Office, 100 Cherokee Street, Suite 350, Marietta, GA 30090

Nationstar Mortgage, LLC – 350 Highland Drive, Lewisville, TX 75067

Defendants reserve the right to call any witnesses listed by Plaintiff.

**ATTACHMENT G-1**
**PLAINTIFF'S DOCUMENTARY AND PHYSICAL EVIDENCE**

1. Allstate policy of insurance issued to Sintons

2. Transcript of Examination Under Oath of Stephen Sinton and all attached or identified documents

3. Transcript of Examination Under Oath of Stephen Sinton and all attached or identified documents

4. Defendants' sworn claim submitted to Allstate

5. Claim Notebook prepared by Sintons' public adjuster

6. Inventory updates submitted by Sintons, including summary spreadsheet

8. Documents submitted by Sintons in support of their claim

9. Photographs of the Sintons' property

10. Pleadings and documents from Angela Sinton's Bankruptcy

11. Correspondence exchanged between Allstate and the Sintons

12. Copies of all checks issued to or on behalf of the Sintons

13. Documents received from Nationstar Mortgage or its affiliates or successors relating to Defendants' property

14. Allstate CES for Sintons' claim

**Exhibit G-2**
**Defendants' List of Exhibits**

1. Cobb County Fire & Emergency Services Basic Fire Report for March 4, 2009 fire at 1923 Fields Pond Glen, Marietta, GA 30062
2. March 4, 2009 911 Call from Angela Sinton
3. Amended Deluxe Plus Homeowners Policy Declarations
4. Pictures
5. Allstate's Responses to Interrogatory (original and amended)
6. Summons and Notice of Hearing in Cobb County
7. Notice of Lis Pendens
8. Sintons' Petition / Complaint for Restraining Order
9. Order on Sintons' Petition / Complaint for Restraining Order
10. Order of the Magistrate Court of Cobb County
11. AB&G Estimate
12. ARG Estimate
13. World Claim Contents Inventory Book
14. Pleadings
15. All documentation related to Angela Hall's 2006 Chapter 7 Bankruptcy, Case No. 06-76598-jem
16. Deposition of Kenneth N. Wright taken on July 15, 2009 by Stephen and Angela Sinton
17. Recorded Statements of Stephen and Angela Sinton taken by Allstate Insurance Company in March 2009
18. Examination Under Oath of Stephen Sinton taken by Allstate Insurance Company on November 2, 2009
19. Examination Under Oath of Angela Sinton taken by Allstate Insurance Company on October 13, 2009, and continued on November 2, 2009
20. Proofs of Loss submitted by Stephen and Angela Sinton to Allstate Insurance Company for damages resulting from the March 4, 2009 fire
21. WorldClaim's estimate of damage dated April 15, 2009

22. All personal property inventories of Stephen and Angela Sinton that were submitted to Allstate Insurance Company
23. All pleadings in the present action
24. Allstate Policy # 6 15 165076 10/30
25. Appraisal award issued by Douglas L. White on December 16, 2009
26. All communications between Plaintiff and Defendant, and their representatives, related to the March 4, 2009 fire and the Sintons' insurance claim submitted to Allstate Insurance Company