IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff/ Petitioner, | ) ) |
| v. | ) ) Case No. 1:09-CV-3530-CAP |
| STEPHEN SINTON and ANGELA SINTON, | ) ) ) ) |
| Defendants/ Respondents. | ) |

**CONSOLIDATED PRE-TRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted:

**None.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Providing there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any person for the preservation of evidence and for use at trial.

**All discovery has been completed.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any party.

**The names of the parties are correct and there is no question of misjoinder or non-joinder of a party.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections:

**There is no question as to jurisdiction.  Jurisdiction is based on 28 U.S.C. 1332(a).**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

|  |  |
|---|---|
| <u>Plaintiff/Petitioner:</u> | **Marvin D. Dikeman, Esq.** |
|  | **Webb, Zschunke, Neary & Dikeman, L.L.P.** |
|  | **One Securities Center** |
|  | **Suite 1210** |
|  | **3490 Piedmont Road** |
|  | **Atlanta, Georgia 30305** |
|  | **Ph.:  (404) 264-1080** |
|  | **Fax:  (404) 264-4520** |
|  | **E-mail: mdikeman@wznd.net** |
| <u>Defendants:</u> | **James E. Voyles, Esq.** |
|  | **The Voyles Milhollin Law Firm** |
|  | **3745 Cherokee Street** |
|  | **Suite 701 & 702** |
|  | **Kennesaw, Georgia 30144** |
|  | **Ph: 770.421.8883** |
|  | **Fax: 770.421.8884** |
|  | **E-mail:  voyleslaw@mindspring.com** |

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Plaintiff is entitled to open and close arguments to the jury.**

7.

The captioned case shall be tried to a jury.

3

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request bifurcation and show that all issues can be properly presented and decided in a single, non-bifurcated proceeding.**

9.

Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be

permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions:

**None.**

State any objections to Defendants' voir dire questions:

**None.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870, Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There is no pending related litigation.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provided the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do

so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

**A.	Whether Defendants, or either of them, misrepresented material facts to Allstate Insurance Company in the submission of their claim;**

**B.	Whether Defendants, or either of them, are judicially estopped or otherwise legally barred from any recovery under the Allstate Insurance Company policy of insurance;**

**C.	Whether Defendants breached the terms of the Allstate Insurance Company policy of insurance;**

**D.	Whether Plaintiff has satisfied the contractual conditions precedent to recovery under the terms of the Allstate Insurance Company policy of insurance.**

**By Defendant:**

**A.	Whether Allstate Insurance Company ("Allstate") can legitimately assert the Sintons have misstated the value of the items in their home at the time of the fire when it did not prepare its own inventory of destroyed items?**

- B.  **Whether Allstate has a duty to provide insurance coverage to the Sintons' for the fire damage that occurred to their home on March 4, 2009.**

- C.  **Whether the Sintons materially misrepresented their claim, and whether Allstate has the right to deny coverage based on the alleged misrepresentations.**

- D.  **Whether the Sintons made a material misrepresentation of the value of their personal property that was in their home at the time of the fire in the claim filed with Allstate Insurance Company to recover their loss?**

- E.  **Whether, if there was a material misrepresentation, was the misrepresentation intentional and wilfull?**

- F.  **Whether the computation of the value of the personal property for the purpose of Angela Hall's bankruptcy petition is different from the computation of the value of the property in making a claim of loss under the Sintons' insurance policy with Allstate.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an

opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendants, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.

Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibits list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed

document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

<u>By Plaintiff:</u>          **None.**

<u>By Defendants</u>:     **None.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.   Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests to charge must be submitted one week prior to trial.  Requests which are

not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the requests should be noted (and explained) herein.

<u>By Plaintiff:</u>

**Plaintiff/Petitioner Allstate Insurance Company does not request additional time for argument.**

<u>By Defendant:</u>

**Defendants do not request additional time for argument.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (__X___) has not discussed settlement of this case with counsel.  It appears at this time that there is:

    (_____)    A good possibility of settlement

    (__ _)    Some possibility of settlement

    (_____)    Little possibility of settlement

    (__X__)    No possibility of settlement

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal

practice of the court.

28.

The plaintiff estimates that it will require 2 day(s) to present its evidence. The defendants estimate that they will require 2 day(s) to present their evidence. It is estimated that the total time for trial is <u>4</u> days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party of the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this <u>1st</u> day of <u>  February  </u>, 2011.


<u>/s/Charles A. Pannell, Jr.   </u>
Judge, United States District Court
Northern District of Georgia, Atlanta Division