UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:09-CV-3530-CAP |
| STEPHEN SINTON and ANGELA SINTON, | |
| Defendants. | |

**O R D E R**

This matter is before the court on the plaintiff's motion to dismiss portions of the defendants' counterclaim [Doc. No. 134], the defendants' motion in limine to exclude certain evidence [Doc. No. 131], and the defendants' motion for leave to file a surreply [Doc. No. 138].

As an initial matter, the plaintiff does not object to the defendants' motion for leave to file a surreply. Accordingly, the defendants' motion [Doc No. 138] is GRANTED.

I.   **Factual and Procedural Background**

Allstate issued a policy of insurance to the defendants on their house located at 1923 Fields Pond Glen, Marietta, Georgia. On March 4, 2009,

during the term of coverage under the policy, the house and certain personal property contained therein were damaged by a fire that started in the kitchen.

Allstate filed the current suit on December 15, 2009, seeking a declaration that it has no obligations under the Sintons' policy. After the court denied Allstate's first motion for summary judgment [Doc. No. 50], the court allowed the Sintons to amend their answer to assert a damages claim against Allstate [Doc. No. 84]. The Sintons filed an amended answer and the counterclaim at issue here [Doc. No. 88].

## II.  Allstate's Motion to Dismiss

### A. Motion to Dismiss Standard

In considering a defendant's motion to dismiss, the court accepts the complainant's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the complainant's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

**B. Analysis**

In the counterclaim, the Sintons allege that Allstate breached the parties' insurance contract by refusing to provide coverage for the loss. The Sintons seek five types of relief from the court: (1) the full amount of property damage, (2) setting aside the appraisal award for being inadequate because the home is now demolished, (3) all additional damages and expenses incurred, (4) attorney's fees, and (5) whatever other relief the court finds just and proper.

Allstate has not moved to dismiss the entirety of the Sintons' cause of action for breach of contract. Instead Allstate has challenged certain (but not

all) types of relief the Sintons' have requested pursuant to that cause of action. Specifically, Allstate moves to dismiss the portions of the Sintons' prayer for relief asking the court to set aside the appraisal award, award all additional damages and expenses incurred, and award attorney's fees. Allstate argues that these types of relief are unavailable to the defendants as a matter of law.

Under the notice pleading requirements Federal Rule of Civil Procedure 8(a), the Sintons have adequately provided a short and plain statement of the basis for a claim for breach of contract. The court agrees with Allstate, however, that portions of the Sintons' prayer for relief are deficiently pled. The Sintons have not provided the legal basis for how such relief could be granted so that Allstate was sufficiently put on notice of the claims against it. Therefore, Allstate's motion to dismiss is due to be granted. Nevertheless, accepting the allegations in the counterclaim as true, the court concludes that these deficiencies may be remedied if the Sintons are given an opportunity to amend their counterclaim to provide the legal bases for the types of relief they request.

Accordingly, Allstate's motion to dismiss [Doc. No. 134] is GRANTED, and the Sintons' counterclaim is DISMISSED WITHOUT PREJUDICE as to the requested relief to set aside the appraisal award, award all additional

damages and expenses incurred, and award attorney's fees. The Sintons may file an amended counterclaim detailing the specific legal basis for each type of requested relief within 14 days of the date of this order. If the Sintons do not file such an amendment, the challenged portions of the requested relief will be dismissed with prejudice.

### III.   The Defendants' Motion in Limine to Exclude

The defendants have moved to exclude any mention of Defendant Angela Sinton's 2006 bankruptcy under Federal Rules of Evidence 401, 402, and 403. The Sintons argue that this evidence does not meet the relevancy test of Rule 401 and alternatively is unduly prejudicial and likely to confuse the jury under Rule 403's excludability standard.

Allstate argues that this evidence is relevant to its defense that the Sintons made misrepresentations in their proof of loss form following the fire that would negate Allstate's obligation to cover the loss. Specifically, Allstate argues that the Defendant Angela's bankruptcy is relevant to both the amount of the property allegedly in the house at the time of the fire and the value of that property.

The court believes that the matter is relevant. Accordingly, the defendants' motion [Doc. No. 131] is DENIED. Nevertheless, this order does not preclude the defendants from objecting to this evidence during the trial

when the evidence and the issues to be tried are clearer. The defendants will need to raise this issue at the time of trial to preserve their objection.

## IV. Conclusion

Allstate's motion to dismiss [Doc. No. 134] is GRANTED, and the Sintons' counterclaim is DISMISSED WITHOUT PREJUDICE as to the requested relief to set aside the appraisal award, award all additional damages and expenses incurred, and award attorney's fees. The defendants' motion in limine to exclude certain evidence [Doc. No. 131] is DENIED.

**SO ORDERED** this 11th day of April, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge