UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLSTATE INSURANCE
COMPANY,

          Plaintiff,

    v.

STEPHEN and ANGELA SINTON,

          Defendants.

CIVIL ACTION NO.

1:09-CV-3530-CAP

## **O R D E R**

This matter is before the court on the plaintiff's motion to dismiss [Doc. No. 144] counts II, III, and IV of the defendants' amended counterclaim [Doc. No. 142].

## I.    **Factual and Procedural Background**

Allstate issued a policy of insurance to Defendants Stephen and Angela Sinton on their house located at 1923 Fields Pond Glen, Marietta, Georgia. On March 4, 2009, during the term of coverage under the policy, the house and certain personal property contained therein were damaged by a fire that started in the kitchen.

Allstate filed the current suit on December 15, 2009, seeking a declaration that it has no obligations under the Sintons' policy. After the court denied Allstate's first motion for summary judgment [Doc. No. 50], the

court allowed the Sintons to amend their answer to assert a damages claim against Allstate. *See* [Doc. No. 84]. The Sintons filed an amended answer and counterclaim [Doc. No. 88] on August 9, 2011. On September 18, 2012, over one year later, Allstate moved to dismiss the Sintons' counterclaim [Doc. No. 134]. The court granted Allstate's motion as to certain relief the Sintons sought, dismissing these portions of the counterclaim without prejudice [Doc. No. 141]. The court gave the Sintons leave to file an amended counterclaim detailing the specific legal basis for each type of requested relief. The Sintons submitted an amended counterclaim within the allotted timeframe, and now Allstate has moved to dismiss counts II, III, and IV of the counterclaim for failure to state a claim.

## II.    Allstate's Motion to Dismiss

### A. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim, the court accepts the complainant's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the complainant's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

> [A] plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause
> of action will not do. Factual allegations must be enough to raise
> a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

**B. Analysis**

The Sintons' amended counterclaim contains four counts: (I) breach of contract, (II) set aside the appraisal award, (III) bad faith damages and attorney fees under O.C.G.A. § 33-4-6 and (IV) all other incidental and consequential damages. As stated above, Allstate has moved to dismiss counts II, III, and IV.

### 1. Count II: Set Aside the Appraisal Award

The Sintons' Allstate home insurance policy contains an appraisal provision that allows the Sintons to invoke an impartial appraisal of the cost of any damage to the property in lieu of accepting Allstate's initial estimate. The Sintons invoked this provision after the fire at issue. The appraisal process was conducted in front of an impartial umpire who issued an appraisal award on December16, 2009 in the amount of $468,321.29, less 10% depreciation, for a final total of $424,502.58. The parties agree that this award was equitable at the time it was issued. In October 2009, while the appraisal process was still ongoing, Cobb County, Georgia (where the home was located) determined that the property was a nuisance in violation of county building codes and ordered that the Sintons either begin repairs or be forced to pay for its demolition. The Sintons informed Allstate of this problem and sought funds to begin the repair process. Allstate filed this declaratory judgment action on December 15, 2009, seeking a declaration of its liability to the Sintons for damage to the property. In January 2010, Cobb County demolished the remnants of the home.

The Sintons seek to set aside the award because they argue (1) it has become so grossly inadequate that it amounts to fraud and (2) performing under the appraisal is now impossible because it was based on circumstances

that no longer exist. They argue that the appraisal award is no longer adequate because it was based on rebuilding the home prior to the demolition, and now any adequate award would have to take into account the excess cost of completely rebuilding the home. They argue further that the inadequacy stems from Allstate's alleged delay in making payment for repairs, which is the underlying claim for the Sinton's breach of contract claim. Allstate argues that this count must be dismissed because (1) the Sintons have not sufficiently pled fraud under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), (2) an appraisal award may not be set aside merely because it is excessive or inadequate; it can only be set aside if the appraisal, as a contract, is void, and (3) Allstate's alleged delay in payment and breach of contract is not a valid legal basis for this count because the count is merely for consequential damages, which are not allowed as separate damages against an insurer in Georgia. In response, the Sintons argue that because they are not challenging the amount of the appraisal award, only seeking to set it aside because a proper appraisal after the demolition has not yet been conducted, Allstate's arguments are inapposite.

      As an initial matter, the Sintons' claim in count II is not one that must meet the heightened pleading requirements of Rule 9(b). Allstate's argument

that count II must satisfy 9(b) is presumably based on its reading of the Sintons' argument that the appraisal award should be set aside because it has become so grossly inadequate that it amounts to fraud. As the Sintons point out in their response, this is merely a restatement of certain case law describing circumstances when an appraisal award can be set aside. *Colvins v. National Union Fire Ins. Co. of Pittsburgh*, 123 S.E.2d 559, 562 (Ga. Ct. App. 1961). The Sintons correctly state that they are not pursuing an action for fraud.

Allstate's next argument is that an appraisal award may not be set aside merely because it is excessive or inadequate; it can only be set aside if the appraisal, as a contract, is void. To address this argument, the court must first determine whether Allstate or the Sintons were responsible for the costs of the extra damage to the home from the demolition. If the Sintons were responsible, then the award would only be inadequate due to their own failure to mitigate the further damage and the current award would include Allstate's entire obligation. If Allstate was responsible, then the appraisal award could not satisfy the full cost to rebuild the Sintons' home promised to them under the policy, and thus would not be a viable appraisal contract. The Sintons' argue that under the "Building Codes" provision of the insurance policy, Allstate was responsible for paying for the costs of bringing the

structure up to code, which would have prevented the increased cost of repair from the demolition.[1] Allstate argues that in fact it was the Sintons' responsibility to protect the property from further loss while the appraisal process was ongoing; therefore any increased costs over the appraisal award must be their responsibility.

Under Georgia law, "[i]n construing an insurance policy, [t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. . . . Where a provision in the policy is susceptible to two or more constructions, the court will adopt that construction which is most favorable to the insured." *Hill v. Nationwide Mutual Fire Insurance Co.,* 448 S.E.2d 747, 747–48 (Ga. Ct. App. 1994). Thus, "[p]olicies of insurance will be liberally construed in favor of the object to [be] accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon print forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice." *Davis v. United American Life*

---

[1] In adjudicating a motion to dismiss, the court may consider evidence outside the pleadings that is undisputedly authentic and on which counterclaim plaintiffs specifically relied in the complaint. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). Here, the insurance contract clearly meets this standard.

*Insurance Co.,* 11 S.E.2d 488, 492 (Ga. Ct. App. 1959) (internal quotations omitted).

The Building Codes provision of the insurance policy states:

**Building Codes**

**We** will pay up to 10% of the amount of insurance shown on the Policy Declarations under **Coverage A – Dwelling Protection** to comply with local building codes after a covered loss to the **dwelling** and when repair or replacement results in increased cost due to the enforcement of building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair or demolition of the **dwelling**.

Allstate Insurance Policy, p. 13 ¶ 10 [Doc. No.1-1] (emphasis in original). The Sintons argue that this provision required Allstate to pay to bring the property up to code. Allstate, however, argues that this provision only requires it to cover increased repair costs due to code compliance if, for example, the home's previous electrical wiring was 12-guage and at the time of repairs the county required 14-guage wiring.

This provision is susceptible to two or more reasonable constructions; therefore the court must "adopt that construction which is most favorable to the insured." *Hill,* 448 S.E.2d at 747–48. Because this provision includes coverage of increased costs due to enforcement of building codes regulating, *inter alia*, "demolition of the dwelling," the court concludes that Allstate is

responsible to pay for excess building costs due to enforcement of the law that led to the demolition of the remaining portions of the Sinton's home. It is not clear whether the provision obligated Allstate to pay for the repairs that would have prevented demolition prior to the completion of the appraisal process. Nevertheless, because Allstate is responsible for the increased costs (if it is found to be liable under the policy), the current appraisal award does not incorporate its total obligations.

Allstate argues that another provision of the policy required the Sintons to pay for any repairs necessary to protect the property from further loss. The provision states, in pertinent part:

**What You Must Do After A Loss**

In the event of a loss to any property that may be covered by this policy, **you** must:

b)   protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

Allstate Insurance Policy, p. 14 ¶ 3 [Doc. No.1-1] (emphasis in original). As an independent provision, the court agrees with Allstate that this provision obligates the insured to protect the property from further loss. When read together with the Building Codes provision above, however, the court concludes that the building codes provision obligates Allstate to pay "up to

10% of the amount of insurance shown on the Policy Declarations under

Coverage A –

Dwelling Protection" for the increased costs to rebuild because of the

enforcement of Cobb County's building laws.

Having determined that Allstate is responsible for excess costs due to

the demolition, the court will turn to Allstate's argument that the Sintons

must present a valid legal reason to void the appraisal award as a contract.

The Sintons argue that the statutory doctrine of impossibility codified in

O.C.G.A. § 13-3-5 is a sufficient legal basis to void the appraisal award.

Section 13-3-5 states, "Impossible, immoral, and illegal conditions are void

and are binding upon no one." The appraisal award is allegedly based on a

condition that no longer exists, i.e., rebuilding using the remaining structure

of the house; therefore, it would be impossible to rebuild the home based on

the current award.

Allstate argues that this doctrine is inapplicable here, but only cites

O.C.G.A. § 13-4-21—governing the defense of impossibility due to an act of

God—to support its argument. Allstate has put forward no proper argument

to dispute the Sintons' contention that the appraisal award should be set

aside because it is now impossible to perform it under its initial terms.

Because the court has already determined that Allstate is responsible under

the contract for paying for the cost of excess repairs due to enforcement of building codes, ordinances, or laws regulating demolition, and the remaining structure was demolished pursuant to such a law, Allstate would necessarily be responsible for the excess cost (at least up to 10% of the amount of insurance shown on the Policy Declarations, as per the policy's terms) should the jury determine that it is liable under the policy. As such, the appraisal award would have to be set aside before the proper amount of possible damages can be determined.

Allstate's final argument that the Sinton's are merely seeking consequential damages is unavailing. The court has determined that Allstate is responsible for excess repair costs due to the enforcement of building codes. These costs were allegedly not included in the appraisal award here. Thus, the excess costs merely represent Allstate's full obligation if it is found liable under the policy, not a claim for excess damages above an accurate appraisal award.

Based on the foregoing, Allstate's motion to dismiss is DENIED as to count II.

    2.  *Count III: Bad Faith Damages and Attorney Fees under*
        *O.C.G.A. § 33-4-6*

"To establish liability for penalties and attorney fees under O.C.G.A. §

33-4-6, the insured must prove: (1) that the claim is covered under the policy,

(2) that a demand for payment was made against the insurer within 60 days

prior to filing suit, and (3) that the insurer's failure to pay was motivated by

bad faith." *Jimenez v. Chicago Title Ins. Co.*, S.E.2d 531, 534 (Ga. Ct. App.

2011). "[T]he insured bears the burden of proving that the refusal to pay the

claim was made in bad faith." *Allstate Ins. Co. v. Smith*, 597 S.E.2d 500, 502

(Ga. Ct. App. 2004) (quoting *Southern Fire &c. Ins. Co. v. Northwest Ga.*

*Bank*, 434 S.E.2d 729, 730 (Ga. Ct. App. 1993)). "A defense [to liability under

the insurance contract] going far enough to show reasonable and probable

cause for making it, would vindicate the good faith of the company as

effectually as would a complete defense to the action." *Id.* As such,

"[p]enalties for bad faith are not authorized where the insurance company

has any reasonable ground to contest the claim and where there is a disputed

question of fact." *Id.*

      Here, the parties do not dispute that the insurance claim was covered

by the policy and that the Sintons made a demand for payment 60 days prior

to filing suit (i.e., 60 days prior to the filing of this counterclaim). Allstate

argues that the Sintons have failed to satisfy the third element of a bad faith claim, which requires proof that the failure to pay was motivated by bad faith. In support of this argument, Allstate states that immediate payment was not due when the Sintons made their demand and there was a genuine dispute as to both Allstate's liability and the amount owed under the policy.

The court has already determined that there is a genuine dispute over whether the Sintons misrepresented the values of any items claimed in their proof of loss forms. This disputed question is a reasonable defense to the Sintons' bad faith claim; therefore the Sintons have not satisfied their burden under O.C.G.A. § 33-4-6. Accordingly, Allstate's motion to dismiss is GRANTED as to count III.

### 3. Count IV: All Other Incidental and Consequential Damages

The Sintons did not respond to Allstate's motion to dismiss this count. Pursuant to Local Rule 7.1(B), and for the reasons stated in Allstate's brief in support of its motion to dismiss, Allstate's motion to dismiss is GRANTED as to count IV.

### III.  Conclusion

Allstate's motion to dismiss [Doc. No. 144] is DENIED as to count II and GRANTED as to counts III and IV. The parties are DIRECTED to confer and file a joint proposed pretrial order within 40 days of the date of this order.

**SO ORDERED** this 29th day of August, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

14